IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 8, 2007

## JONATHAN WEBSTER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26016    W. Fred Axley, Judge**

_____

**No. W2006-00950-CCA-R3-PC  - Filed August 6, 2007**

_____

The petitioner, Jonathan Webster,[1] filed a petition for post-conviction relief, arguing that his trial counsel was ineffective.  The post-conviction court denied the petition, and the petitioner now appeals.  Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JERRY L. SMITH, J., joined.

Joshua B. Spickler, Memphis, Tennessee, for the appellant, Jonathan Webster.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Tracye Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The petitioner and his co-defendant, Tyaneshia Turner, were both indicted on one count of aggravated child abuse through infliction of serious bodily injury and one count of aggravated child abuse through neglect resulting in serious bodily injury.  The petitioner was also indicted for assault.[2] The victim of the aggravated child abuse was Turner's eleven-month-old daughter, Deja.  The proof at trial revealed that, while in the petitioner's care, the victim suffered first and second degree burns on her face that were caused by a hot liquid, and she also suffered lacerations to her liver, spleen, and

---

[1] In the record on appeal, the petitioner's name is also spelled "Johnathan."

[2] The petitioner does not raise any issues concerning his assault conviction.

pancreas. Both the petitioner and Turner were convicted of aggravated child abuse through neglect resulting in serious bodily injury. The petitioner's conviction was upheld on appeal, but Turner's conviction was overturned due to insufficient evidence. State v. Tyaneshia Turner, No. W1999-00530-CCA-R3-CD, slip op. at 1-4, 6 (Tenn. Crim. App. at Jackson, June 21, 2000).

Subsequently, the petitioner filed a pro se petition for post-conviction relief in which he alleged that his trial counsel was ineffective by failing to challenge the aggravated child abuse indictment, contending that the indictment failed to allege an offense. Additionally, the petitioner complained that counsel gave the petitioner erroneous advice concerning sentencing and failed to seek a bill of particulars prior to trial. Thereafter, the post-conviction court appointed counsel to represent the petitioner, and counsel filed an amended post-conviction petition. The amended petition alleged that trial counsel was ineffective by not keeping in contact with the petitioner during trial preparation, and that the petitioner "was not able to participate in his own defense and he was not fully advised of his situation before the trial date." The amended petition further alleged that counsel failed to advise the petitioner to accept the State's plea offer, make proper objections at trial, ask appropriate questions of trial witnesses, or raise all relevant issues on appeal. The petitioner contended that counsel "informed Petitioner that he faced 15 to 25 years at 30% if convicted at trial . . . [and] failed to note that a conviction of Aggravated Child Abuse would actually result in a sentence served at 100%."

At the post-conviction hearing, the petitioner testified that he was seventeen years old at the time of the offense. Trial counsel began representing the petitioner after the case was transferred from juvenile court. The petitioner said that counsel met with him to discuss the case at every court appearance, but counsel met with him only once outside of court appearances. The petitioner stated that counsel claimed to have performed an investigation of the cases. The petitioner said that prior to trial the State offered to allow the petitioner to plead guilty and receive a sentence of fifteen years at eighty-five percent, but the petitioner rejected that offer. The petitioner complained that at trial the State's medical expert testified that the victim's injuries occurred two to four weeks prior to the victim being taken to the hospital and that the victim was not in the petitioner's care at that time. The petitioner acknowledged that the jury heard the expert's testimony, but he complained that counsel did not emphasize the importance of the testimony.

The petitioner's trial counsel testified that he met with the petitioner to discuss the case at every court appearance and that they met at the jail more than once when no court appearance was scheduled. Counsel said that he reviewed discovery materials and the State's proof with the petitioner. Counsel stated that he called every witness the petitioner requested and followed up on the petitioner's suggestions. Counsel said that the petitioner consistently stated that he was innocent and did not want to accept the State's plea offer. Counsel said that he explained sentencing to the petitioner, including that the petitioner was facing a sentence requiring service of one hundred percent of the sentence in confinement.

Counsel recalled that Dr. Walling, the State's medical expert, was the foremost authority in child abuse cases. Counsel said that when he interviewed the doctor prior to trial, the doctor

indicated that the victim's injuries were sustained one to three days prior to the hospital visit. Counsel believed that information was favorable to the defense. Counsel testified that based upon the doctor's statements, he believed he could convince the jury that the injuries occurred when the victim was not in the petitioner's custody. Accordingly, counsel did not hire a medical expert for the defense. At the post-conviction hearing, the petitioner's counsel asked trial counsel if prior to trial he had been in possession of Dr. Walling's medical reports concerning the injuries. Counsel responded affirmatively. When asked if the doctor's "statements" to counsel were consistent with the medical records, trial counsel replied, "I want to say they weren't. I mean, I want to say they were used to cross examine him." Counsel recalled that at trial, Dr. Walling testified that the injuries were one to three hours old. Counsel cross-examined the doctor about his testimony and his inconsistent statements regarding the timing of the injuries but to no avail.

At the conclusion of the post-conviction hearing, the post-conviction court found that the petitioner failed to prove by clear and convincing evidence that counsel was ineffective. The petitioner appeals this ruling.

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2006). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Moreover,

> [b]ecause a petitioner must establish both prongs of the test,
> a failure to prove either deficiency or prejudice provides a sufficient

basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697, 104 S. Ct. at 2069).

On appeal, the petitioner specifically argues that counsel was ineffective by failing to hire a medical expert for the defense. The petitioner did not raise this issue in his post-conviction petition; however, he did raise the issue through questioning during the post-conviction hearing. Generally, we will not address an issue on appeal that was not raised in the post-conviction court. Walsh v. State, 166 S.W.3d 641, 645 (Tenn. 2005). Regardless, we note that counsel's testimony, which was implicitly accredited by the post-conviction court, indicates that his decision not to hire a medical expert for the defense was a strategic one. Counsel explained that he believed the State's witness, the foremost expert on the subject, would testify favorably to the appellant's defense. Additionally, counsel indicated that he was prepared to cross-examine the witness regarding his findings. On appeal, this court may not second-guess the tactical or strategic choices of counsel unless those choices are based upon inadequate preparation, nor may we measure counsel's behavior by "20-20 hindsight." See State v. Hellard, 629 S.W.2d 4, 9 (Tenn. 1982). Further, the petitioner did not present the testimony of a medical expert at the post-conviction hearing to demonstrate how that expert would have testified at trial. Generally, "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). We may not speculate on what benefit a medical expert witness for the defense might have offered. Id. Accordingly, the petitioner has failed to demonstrate prejudice. We have examined the post-conviction court's ruling and we can find no evidence to preponderate against its finding that counsel was not ineffective.

### III. Conclusion

Finding no error, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE

-4-